IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:11-cr-00045 |
| Plaintiff, | ) ) | ORDER ON DEFENDANT MILTON'S REQUEST FOR AN |
| v. | ) ) | ORDER EXTENDING DEFENDANT'S SURRENDER |
| BERTHA RENELL MILTON, | ) ) | DATE |
| Defendant. | ) ) | |

On April 5, 2012, the court received defendant's request for an order extending defendant's surrender date based upon the declaration of defendant's attorney, David A. Torres. Plaintiff, through Assistant United States Attorney Jeremy R. Jehangiri, requested an opportunity to respond to the request. On April 10, 2012, Plaintiff filed its response in opposition to defendant's request.

The court has considered defendant' request, the declaration of Mr. Torres in support of that request, and plaintiff's opposition. Based upon the information provided, the court will deny defendant's request.

In the declaration of Mr. Torres, it appears that the proposed gastric bypass surgery is elective and is not a medically necessary procedure that must be performed immediately or in the near future. Mr. Torres does state that defendant has suffered from many health ailments due to her obesity and that she has suffered two heart attacks over the last four years. Mr. Torres also states that defendant's primary care physician has recommended that defendant undergo weigh loss surgery. Significantly, no supporting declaration from this physician has

been submitted, no information has been provided as to when this recommendation was made, and no information has been provided as to any medical necessity for this procedure to be performed prior to defendant's incarceration.

The court is mindful of defendant's many health ailments, and in particular, her prior heart attacks. However, given this relatively long medical history, no explanation has been provided to the court as to why defendant waited until February 22, 2012 to even begin the program of preparing for this surgical procedure. This unexplained delay is compounded by the fact that defendant did not start this pre-surgery program until <u>after</u> she was sentenced on February 6, 2012.

The court is also concerned about whether defendant would be able to commence her term of imprisonment on the requested surrender date of July 27, 2012 given the representation that her surgery is tentatively scheduled for mid-June 2012. Defendant has provided no assurance to the court that this surgery will in fact take place in mid-June or that she will be fully recovered by July 27. Even if defendant is medically able to surrender on July 27, the court has been provided with no assurance that this elective surgery will not impose a significant burden upon the Bureau of Prisons to accommodate any post-operative care and dietary issues.

The court does note that in plaintiff's opposition, Mr. Jehangiri states that defendant has paid no money toward restitution and has neglected to respond to the United States' request to finalize the restitution amount owed to the Department of Treasury. While these are not factors that influence the court regarding the medical issue relating to defendant's surrender date, they do raise a concern for the court that defendant has not fully understood and appreciated the seriousness of the court's sentence, including her obligation to timely serve her period of incarceration.

///

///

THEREFORE IT IS ORDERED that defendant's application for an order extending her surrender date is DENIED.

Dated: April 11, 2012

_____
Anthony W. Ishii
Chief United States District Judge

3